UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONOVAN J. MIKESELL, | ) |
| Plaintiff, | ) |
| vs. | ) Cause No. 1:17-cv-640-WTL-TAB |
| NANCY BERRYHILL, Acting Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Donovan J. Mikesell requests judicial review of the final decision of Defendant Nancy Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Mikesell's application for Supplemental Security Income Benefits ("SSI") under Title XVI of the Social Security Act ("the Act"). The Court, having reviewed the record and the briefs of the parties, now rules as follows.

### I. PROCEDURAL HISTORY

Mikesell filed for SSI on August 23, 2013, alleging he became disabled on March 1, 2011. Mikesell's application was denied initially on November 13, 2013, and again upon reconsideration on February 7, 2014. Following the denial upon reconsideration, Mikesell requested and received a hearing in front of an Administrative Law Judge ("ALJ"). A hearing set for July 21, 2015, was continued in order for Mikesell to obtain counsel. A subsequent hearing, during which Mikesell was represented by counsel, was held on October 16, 2015, before ALJ Dennis Lyndell Pickett. The ALJ issued his decision on November 25, 2015,

denying Mikesell's claim. Mikesell requested review by the Appeals Council, and the Appeals Council denied the request for review. Mikesell then filed this timely appeal.

## II. APPLICABLE STANDARD

Disability is defined as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but any other kind of gainful employment which exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity, he is not disabled, despite his medical condition and other factors. 20 C.F.R. § 416.920(a)(4)(i). At step two, if the claimant does not have a "severe" impairment (*i.e.*, one that significantly limits his ability to perform basic work activities), he is not disabled. 20 C.F.R. § 416.920(a)(4)(ii). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled, 20 C.F.R. § 416.920(a)(4)(iii). At step four, if the claimant is able to perform his past relevant work, he is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). At step five, if the claimant can perform any other work in the national economy, he is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id.*, and this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008) (citation omitted). The ALJ is required to articulate only a minimal, but legitimate, justification for his acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). In order to be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony," he must "provide some glimpse into [his] reasoning . . . [and] build an accurate and logical bridge from the evidence to [his] conclusion." *Dixon*, 270 F.3d at 1176 (citations omitted).

## III. ALJ PICKETT'S DECISION

ALJ Pickett determined at step one that Mikesell had not engaged in substantial gainful activity since August 23, 2013, the application date. Record at 22. At steps two and three, the ALJ concluded that Mikesell had the severe impairments of "affective disorder(s) (depressive disorder and/or bipolar disorder); anxiety disorder; and personality disorder," as well as the non-severe physical impairment of "spinal (cervical) disorder." *Id.* At step four, the ALJ determined that Mikesell had the following residual functional capacity ("RFC"):

> [T]he claimant has the [RFC] to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to simple unskilled work that would be away from the general public and that would include no more than occasional interaction with supervisors and co-workers.

R. at 25. The ALJ also determined that Mikesell was unable to perform any past relevant work, R. at 30, but was "capable of making a successful adjustment to other work that exists in

3

significant numbers in the national economy," R. at 31. Accordingly, the ALJ concluded that Mikesell was not disabled as defined by the Act.

## IV. EVIDENCE OF RECORD

The ALJ's decision, in combination with Mikesell's brief (Dkt. No. 17), aptly sets forth the medical evidence of record, which need not be recited here. Specific facts are introduced in the discussion section below where relevant.

## V. DISCUSSION

In his brief in support of his Complaint, Mikesell argues that the ALJ (1) failed to address Mikesell's potential work absenteeism in order to attend therapy sessions and daily group meetings "anywhere in the decision" and (2) failed to properly address the limitations in concentration, persistence or pace in the hypothetical questions to the vocational expert or in the adopted RFC. Dkt. No. 17 at 4.

Mikesell contends that the ALJ failed to acknowledge evidence that he "simply requires too much treatment on a regular basis to allow him to maintain a steady work schedule." Dkt. No. 17 at 21. He explains that his attorney asked the vocational expert to assume a hypothetical individual who would need an additional two hour break one day per week in order to drive to treatment, get treatment, and return to work. *Id.* at 20 (citing R. at 60). The vocational expert indicated that such a hypothetical individual could not sustain work. *Id.* Mikesell takes issue with the ALJ not addressing this type of treatment absenteeism in his decision, implying that the ALJ selectively discussed evidence that favored his ultimate conclusion while ignoring evidence contrary to his decision. *See id.* at 20 (discussing cases).

Mikesell pointed to evidence in the record that he "sees his psychiatrist every six to eight weeks, meets with his case manager weekly, and attends alcoholics anonymous meetings seven

days per week." Dkt. No. 17 at 20 (citing R. at 1541).[1] The ALJ did not address the frequency or regularity of Mikesell's therapy and other appointments or otherwise note that treatment records demonstrate that Mikesell had regularly scheduled weekly case management appointments or that he reported to his case manager that he attended alcoholics anonymous meetings daily.

When the ALJ assesses a claimant's RFC, he must discuss a claimant's "ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule)." SSR 96–8p. In this case, the ALJ's decision lacks any discussion about Mikesell's ability to perform sustained work activities on a regular and continuing basis despite evidence in the record regarding his many appointments each week. He also did not discuss the vocational expert's opinion that, if a hypothetical individual were likely to miss work four days per month, no work would be available, *see* R. at 59, or the vocational expert's opinion that, if a hypothetical individual needed two hours off per week from work to attend treatment, employment would not be sustainable. R. at 60.

For these reasons, the ALJ erred by failing to consider whether, in view of the extent of Mikesell's many appointments, he could sustain regular work. *See Moore v. Colvin*, 743 F.3d 1118, 1127 (7th Cir. 2014) (noting that the ALJ should have included in the RFC determination the likelihood of the plaintiff's missing work and that the ALJ's decision did not reflect any

---

[1] The Court notes that the ALJ afforded little to no weight to the evidence to which Mikesell points, stating that it is "extraordinarily inconsistent with, and unsupported by, the weight of the record." R. at 29. However, other record evidence supports the assertion that Mikesell met weekly with a provider for a time, or at the very least, had a scheduled weekly appointment with a provider that he may or may not have kept. *See, e.g.*, R. at 1511, 1514, 1516, and 1522.

likelihood of absences or breaks at work related to condition). Here, evidence in the record could support Mikesell's contention that his treatment would require him to regularly miss work. Accordingly, remand is required.

On remand, the ALJ should also articulate how Mikesell's limitations in concentration, persistence, or pace are addressed in both the hypothetical questions to the vocational expert and in the RFC.

## VI. CONCLUSION

For the reasons set forth above, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further proceedings consistent with this Entry.

SO ORDERED: 2/23/18

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication